IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEVIN BOONE, | § | No. 164, 2019 |
| | § | |
| Defendant Below, | § | Court Below—Superior Court |
| Appellant, | § | of the State of Delaware |
| | § | |
| v. | § | Cr. ID No. 1803002540 (N) |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 3, 2019
Decided: June 18, 2019

Before **STRINE,** Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

**O R D E R**

After consideration of the appellant's opening brief, the State's motion to remand, and the record on appeal, it appears to the Court that:

(1)    The appellant, Kevin Boone, filed this appeal from the Superior Court's April 2, 2019 denial of his motion for postconviction relief. The State has filed a motion to remand to the Superior Court to vacate its judgment on the basis that Boone's motion was premature and not ripe for consideration because his convictions were not final when Boone filed his motion. For the reasons discussed below, we remand to the Superior Court with directions to vacate its judgment without prejudice to Boone's right to pursue a motion for postconviction relief after his convictions become final.

(2) Boone pleaded guilty on December 3, 2018, and was sentenced on March 22, 2019. On March 26, 2019, Boone filed a motion for postconviction relief. The Superior Court denied the motion on the merits on April 2, 2019. The court noted, however, that "because the Motion was filed so soon after sentencing, the Court will consider any subsequent Motion to be your first."

(3) On April 15, 2019, Boone filed a notice of appeal from the Superior Court's denial of his motion for postconviction relief. On April 17, 2019, Boone's counsel filed a notice of appeal from Boone's convictions and sentence.[1]

(4) Superior Court Criminal Rule 61(b)(4) provides that a defendant may not file a motion for postconviction relief until "the judgment of conviction is final." A judgment of conviction is final for purposes of Rule 61 either (i) 30 days after the Superior Court imposes sentence, if the defendant does not file a direct appeal,[2] or (ii) when the Supreme Court issues a mandate or order finally determining the case on direct review, if the defendant files a direct appeal.[3]

(5) When Boone filed his motion for postconviction relief, thirty days had not elapsed from the imposition of Boone's sentence. Moreover, after the Superior Court denied the motion for postconviction relief, Boone filed a direct appeal, and that appeal is pending before this Court. Accordingly, Boone's postconviction

---

[1] *Boone v. State*, 251, 2019 (Del.) (filed Apr. 17, 2019).
[2] Super. Ct. Crim. R. 61(m)(1).
[3] *Id.* R. 61(m)(2).

motion was premature and not ripe for consideration.[4]  We therefore remand to the Superior Court to vacate its order denying Boone's motion for postconviction relief, without prejudice to consideration of a timely filed motion after Boone's judgment of conviction becomes final.

NOW, THEREFORE, IT IS ORDERED that this matter is hereby REMANDED to the Superior Court with directions to VACATE its April 2, 2019 judgment denying Boone's motion for postconviction relief, without prejudice to Boone's right to pursue a first motion for postconviction relief after his judgment of conviction becomes final.  Jurisdiction is not retained.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[4] *Id.* R. 61(b)(4).